

Daniel W. Cohen, APC SBN160465
9001 Grossmont Blvd Suite 716
La Mesa, CA 91941

Attorney for
 Edwin Fernando Bailon Chavez

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (HONORABLE RUTH BERMUDEZ MONTENEGRO )

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>v.<br><br>Edwin Fernando Bailon Chavez<br><br>Defendant. | CASE NO.  24-cr-2391-RBM-3<br><br>**DEFENDANT'S**<br><br>**SENTENCING STATEMENT**<br><br>DATE:  2/6/26<br>TIME   9:00 A.M. |

## INTRODUCTION

Mr. Bailon Chavez respectfully requests a sentence of 46 months. He played a minor role relative to the scope and structure of this maritime trafficking venture, did not package or own the narcotics, and was to receive only a small fraction of the cargo's value. His life history—marked by poverty, a difficult upbringing, and acute family health crises, including his mother's diabetes and a developmentally delayed son—explains, though does not excuse, his participation. A 46-month sentence is sufficient but not greater than necessary to achieve the goals of 18 U.S.C. § 3553(a).

**BACKGROUND AND OFFENSE CONDUCT**

On October 18, 2024, the Coast Guard interdicted a 35-foot go-fast vessel in international waters approximately 512 nautical miles south of Acapulco, Mexico, carrying approximately 1,710 kilograms of cocaine and three occupants, including Mr. Bailon Chavez. Mr. Bailon Chavez pled guilty to Possession of Cocaine with Intent to Distribute on Board a Vessel and Aiding and Abetting (Count Two) and accepted responsibility.

**MINOR ROLE**

The record supports that Mr. Bailon Chavez's role was substantially less culpable than the average participant in this trafficking scheme:

Mr. Bailon Chavez had no ownership interest and no decision-making authority There is no evidence he owned any portion of the cocaine. The offense involved a large transnational operation with upstream suppliers, refueling vessels, and a planned at-sea transfer to a receiving cartel—far beyond the authority or discretion of a three-man crew.

He was not involved in the procurement, packaging, loading, or control of the cargo. The interdicted vessel held 48 bales that were already aboard when encountered; the discovery materials describe recovery of cocaine and navigation/track equipment but do not attribute packaging or loading decisions to Mr. Bailon Chavez.

He served as functional, interchangeable crew labor. The government characterizes the voyage as a "team evolution" with shared responsibilities of driving, navigation, and fuel management across an approximately 2,000 nautical mile voyage, underscoring that crew functions were operational rather than

managerial. The boat headed where it was directed. Mr. Bailon Chavez merely did as he was told.

The payment structure confirms minimal stake According to the government, the crew had received between $3,000–$8,000 upfront, with an expected $30,000 upon completion. That anticipated payment was a pittance compared to the value of 1,710 kilograms of cocaine, confirming a minimal financial stake relative to the shipment's value.

These facts place Mr. Bailon Chavez below the average participant in the hierarchy responsible for production, financing, logistics, coordination of refuelings, and receipt and distribution of the cocaine. He had no say in the destination, transfer arrangements, or disposition of the contraband and served as interchangeable labor on a voyage controlled by others.

## PERSONAL HISTORY AND CHARACTERISTICS

Mr. Bailon Chavez grew up in abject poverty in Manta, Ecuador, began working with his father in the fishing industry at age 13, and has only a seventh-grade education. The financial deprivation and lack of security at an early age effected his life.

He is the father of three children, including Bryan, who has growth and developmental delays that require care and expenses. His mother suffers from diabetes, and his family reported extreme financial hardship and food insecurity, with Mr. Bailon Chavez as the family's sole financial support prior to his arrest. He explained that his mother's diabetes and the children's mother's serious health symptoms in October 2024, coupled with unemployment and inability to pay medical and living costs, drove his conduct; he expressed remorse and a commitment not to reoffend.

These undisputed circumstances show powerful, immediate financial and medical pressures that motivated a low-level decision to engage in conduct orchestrated by others. They also demonstrate strong family ties and a low risk of recidivism when removed from these acute stressors.

## SAFETY VALVE, ACCEPTANCE, AND ZERO-POINT STATUS

Mr. Bailon Chavez has met safety valve's minimum requirements, and both parties acknowledge his acceptance of responsibility and zero-point offender status. He has no prior criminal convictions and falls in Criminal History Category I .

## THE REQUESTED SENTENCE

A sentence of 46 months is sufficient but not greater than necessary:

Such a sentence reflects minor role. Mr. Bailon Chavez had no ownership interest and no role in packaging the cargo, and his expected compensation—though substantial to him—was negligible when compared to the cargo's value. The transnational enterprise relied on upstream organizers and downstream receivers to whom the shipment would be transferred at sea, while the crew served limited, operational roles.

The recommended sentence furthermore accounts for compelling mitigation His poor upbringing, limited education, unemployment, and family's acute medical and financial crises—including his mother's diabetes and his son's developmental delays—explain his conduct and weigh in favor of leniency.

The sentence urged supports specific and general deterrence He has accepted responsibility, qualified for safety valve, and has no criminal history; he will be removed after custody, further reducing recidivism risk. A four-year sentence, followed by removal, adequately deters and promotes respect for the law without

imposing a punishment greater than necessary on a low-level, financially desperate crewman.

## CONCLUSION

For the foregoing reasons, Mr. Bailon Chavez respectfully requests that the Court impose a sentence of 46 months' imprisonment, no fine, and a $100 special assessment.

Respectfully submitted,
*Daniel W. Cohen*
Daniel W. Cohen
Attorney for Defendant

Edwin Fernando Bailon Chavez